UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MONIQUE RILEY | CIVIL ACTION |
| VERSUS | NO: 17-9135 |
| The UNITED STATES of AMERICA | SECTION: "A" (3) |

## ORDER AND REASONS

Before the Court is a **Motion to Dismiss (Rec. Doc. 14)** filed by Defendant, The United States of America ("the Government"). Plaintiff, Monique Riley, opposes the motion (Rec. Doc. 15) and Defendant has replied. (Rec. Doc. 18). The motion, set for submission on September 19, 2018, is before the Court on the briefs without oral argument. Having considered the motion and memoranda of counsel, the record, and the applicable law, the Court finds that Defendant's **Motion to Dismiss (Rec. Doc. 14)** is **GRANTED** for the reasons set forth below.

### I. Background

On September 18, 2015, Plaintiff visited the St. John Veterans Affairs Outpatient Clinic ("VA") for a check-up. (Rec. Doc. 1, Complaint ¶ 13). Plaintiff had recently undergone a left ankle reconstruction requiring a left ankle and foot cast and crutches. (*Id.*, ¶ 14). During her visit, Plaintiff had to provide a urine sample for a routine analysis. (*Id.*, ¶ 16). A VA lab tech indicated that the custodian had just mopped the nearby restroom and suggested that Plaintiff use an alternative restroom. (*Id.*). The custodian interjected that the floor in the nearby restroom was in fact dry and ready to use. (*Id.* ¶ 17). Plaintiff used the nearby restroom, and after washing her hands, her crutch slipped and she fell. (*Id.* ¶ 21). Once on the floor, Plaintiff noticed there were water streaks on the floor allegedly from the mop. (*Id.* ¶ 22).

As required by 28 U.S.C. § 2671, as a prerequisite to filing suit in federal court under the FTCA, Plaintiff filed an administrative claim on March 17, 2017, which was denied by the VA on August 31, 2017. Thereafter, Plaintiff filed the instant lawsuit pursuant to the Federal Tort Claims Act ("FTCA") 28 U.S.C.A. §§ 1346(b); 2671, et seq. (*Id.*, ¶ 5). Plaintiff alleges that the employees of the Government were acting within the scope of their employment with the VA; thus, the Government is liable under the doctrine of *respondeat superior* under federal and Louisiana law. (*Id.*, ¶ 2).

The Government files the instant motion to dismiss the case pursuant to the Federal Rules of Civil Procedure 12(b)(1). Plaintiff previously identified a VA employee Harold Breaux ("Breaux") as the custodian, but the Government asserts that discovery reveals that Breaux was on leave the day of the incident. (Rec. Doc. 14-1, p. 2). The Government states that Lionel Campbell ("Campbell"), a veteran participating in the VA's Compensated Work Therapy program ("CWT"), was the individual that assured Plaintiff the floor in the restroom was dry and ready for use. (*Id.*). The Government argues that veterans participating in the CWT are not considered employees of the United States. (*Id.*). Since Campbell is not an employee of the United States, the FTCA waiver of sovereign immunity does not apply. (*Id.*). The Government secondly asserts that Campbell is not a borrowed servant or presumed employee of the United States because the CWT program is a discretionary function, and discretionary functions are specifically barred by the FTCA. (*Id.*).

**II.     Legal Standard**

Federal courts are courts of limited jurisdiction and may only hear those cases authorized by the United States Constitution and federal statutes. *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir.1996). Federal Rule of Civil Procedure 12(b)(1) provides that a party may assert that a court

lacks subject matter jurisdiction. Upon the determination that the court lacks subject-matter jurisdiction, the court must dismiss the action. Fed.R.Civ.P. 12(h)(3).

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir.1998). "Courts may dismiss for lack of subject matter jurisdiction on any one of three different bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant Cnty.*, 798 F.2d 736, 741 (5th Cir.1986). The burden of proof on a 12(b)(1) motion is on the party asserting jurisdiction over the claim. *Ramming v. United States*, 281 F.3d 158 (5th Cir.2001).

**III.    Law and Analysis**

In the instant matter, the Government asserts that the FTCA waives sovereign immunity for claims that arise out of the negligent acts of federal employees. (Rec. Doc. 14, p. 2). The Government states that this Court lacks subject matter jurisdiction because the tortfeasor is not considered an employee of the United States. (*Id.*) The Government asserts that discovery identified Campbell as the tortfeasor (it was originally alleged by Plaintiff that Harold Breaux was the tortfeasor). (Rec. Doc. 14, p. 2). Campbell works at the VA through participation in the Compensated Work Therapy program ("CWT"). The Government cites 38 U.S.C. § 1718 to support its position that as a participant of the CWT, Campbell is expressly not an employee of the United States. (*Id.*). 38 U.S.C. § 1718 states,

> In providing rehabilitative services under this chapter, the Secretary, upon the recommendation of the Under Secretary for Health, may use the services of patients and members in Department health care facilities for therapeutic and

rehabilitative purposes. Such patients and members shall not under these circumstances be held or considered as employees of the United States for any purpose.

Plaintiff counters that she does not concede to the fact that the custodian at issue is Campbell and not Breaux. (Rec. Doc. 15, p. 2). In the event the custodian is in fact Campbell, Plaintiff argues that the Government is vicariously liable for Campbell's negligence. (*Id.*). Plaintiff cites 28 U.S.C. § 1718 to assert that the FTCA's definition of "employee of the government" extends to include individuals such as Campbell. (*Id.*, p. 3). Plaintiff argues that questions of vicarious liability under the FTCA are determined by state law and Louisiana state law principles of *respondeat superior* apply. (*Id.*).

As a threshold issue it is necessary for the Court to first determine whether the custodian in question was an "employee of the government." Before the Court can address the legal standards pursuant to the FTCA, it is necessary to first determine the individual who is the subject of the analysis. In light of the discovery conducted, the Court necessarily finds that Campbell was the custodian who informed Plaintiff that the restroom was ready for use. Breaux stated in his deposition that he was on vacation on the day of Plaintiff's incident. (Rec. Doc. 14, Exhibit A p. 2). Valona Cole, the VA nurse who took Plaintiff's statement on the date of the incident, stated in her deposition that she recalls seeing Campbell but not Breaux on the date of the incident. (*Id.*, Exhibit B p. 1). In his deposition, Campbell stated that on the date of the incident not only was he at work and not Breaux, but he specifically recalls seeing Plaintiff. (*Id.*, Exhibit C, p. 3). Campbell further stated that he mopped the floor of the bathroom at issue and directed her to use it. (*Id.*). Lastly, Alvin Thomas, the VA's supervisor of the CWT program, stated in a sworn declaration that Campbell was working in the housekeeping program on the

4

day of Plaintiff's incident. (*Id.*, Exhibit D, p. 1). As Plaintiff does not identify any discovery that counters the above depositions and declaration, the Court finds that Campbell was the custodian on duty, not Breaux.

Pursuant to the FTCA, Congress grants a limited waiver of sovereign immunity of government employees. 28 U.S.C. § 1346. Under the FTCA, district courts shall have exclusive jurisdiction of civil actions on claims against the United States for personal injury "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Id*. Federal law controls who is a federal employee, and the law of the state where the act of omission occurs determines the inquiry into the "scope of the employment." *Pendergast v. U.S.,* 1999 WL 983827, (E.D. La. 1999), citing *William s v. United States,* 350 U.S. 857(1955).

Pursuant to 38 U.S.C. § 1718, the Secretary has the authority to develop contracts or other arrangements as an element of the Department of Veterans Affairs to provide therapeutic work for patients and members in the Department's health care facilities. Such arrangements include the CWT program. Section (a) of § 1718 expressly states that "patients and members shall not under these circumstances be held or considered as employees of the United States for any purpose." As cited by the Government, an Arizona district court is the only court which discusses the direct issue of whether a CWT worker is a federal employee within the limits of the FTCA. (Rec. Doc. 14, p. 5). The court affirmed an unopposed magistrate report and recommendation which relied on 38 U.S.C. § 1718. *Foster v. U.S.*, 2015 WL 727933 at *1 (D. Ariz. 2015).

Plaintiff asserts that the language in 38 U.S.C. § 1718 stands in contrast to the FTCA's definition of employee. The FTCA in part defines an "employee of the government" as "officers or employees of any federal agency, members of the military or naval forces of the United States, members of the National Guard…and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation." 28 U.S.C. § 2671. Plaintiff argues that this Court should extend by analogy the analysis established by the Supreme Court and Fifth Circuit in the "independent contractor" cases. The Court notes that the Government replied contending that it is inappropriate to extend "independent contractor" cases that Plaintiff cites in evaluating a CWT worker. (Rec. Doc. 18, p. 5). The Government reasons that unlike independent contractors, Congress has clearly excluded CWT participants as federal employees. (*Id.*).

The Court holds that the case is dismissed for lack of subject matter jurisdiction. Waivers of the Government's sovereign immunity, to be effective, must be "unequivocally expressed." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1990) (quoting *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980), and *United States v. King*, 395 U.S. 1, 4, 89 S.Ct. 1501, 1503, 23 L.Ed.2d 52 (1969)). A waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign. *Lane v. Pena*, 518 U.S. 187, 192, 116 S.Ct. 2092, 135 L.Ed.2n 486 (1996) (citing *United States v. Williams*, 514 U.S. 527, 531, 115 S.Ct. 1611, 1616, 131 L.Ed.2d 608 (1995)). District courts should construe any ambiguity in favor of sovereign immunity. *Library of Congress v. Shaw*, 478 U.S. 310, 318, 106 S.Ct. 2957, 2963, 92 L.Ed.2d 250 (1986).

Though Congress expressly and unequivocally waives sovereign immunity via the FTCA, Congress also expressly invokes sovereign immunity concerning individuals participating in the CWT program. As determined above, Campbell was the custodian on duty who notified Plaintiff that the restroom was ready for use. Campbell, a CWT worker, is defined pursuant to 38 U.S.C. § 1718 as a patient that "shall not under these circumstances be held or considered as employees of the United States for any purpose." The Court strictly construes this definition and any ambiguity presented by the FTCA in favor of the sovereign to hold that Campbell is not considered an employee of the United States. Therefore, this Court lacks subject matter jurisdiction and the **Motion to Dismiss (Rec. Doc. 14)** is **GRANTED.**

### IV. Conclusion

Accordingly;

**IT IS ORDERED** that Defendant's **Motion to Dismiss (Rec. Doc. 14)** is **GRANTED**.

October 24, 2018

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE