UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MONIQUE RILEY                                          CIVIL ACTION

VERSUS                                                 NO: 17-9135

THE UNITED STATES OF AMERICA                           SECTION: "A" (3)

## ORDER AND REASONS

In light of the government re-opening, the Court lifts the stay on the Motion for Reconsideration (Rec. Doc. 27). Now before the Court is a **Rule 59 Motion for Rehearing, New Trial, and/or Reconsideration (Rec. Doc. 27)** filed by Plaintiff, Monique Riley. Defendant, The United States of America ("the Government") opposes the motion (Rec. Doc. 28). The motion, set for submission on December 12, 2018, is before the Court on the briefs without oral argument. Having considered the motion and memoranda of counsel, the record, and the applicable law, the Court finds that Plaintiff's **Rule 59 Motion for Rehearing, New Trial, and/or Reconsideration (Rec. Doc. 27)** is **DENIED** for the reasons set forth below.

**I.   Background**

On September 18, 2015, Plaintiff visited the St. John Veterans Affairs Outpatient Clinic ("VA") for a check-up. (Rec. Doc. 1, Complaint ¶ 13). Plaintiff had recently undergone a left ankle reconstruction requiring a left ankle and foot cast and crutches. (*Id.*, ¶ 14). During her visit, Plaintiff had to provide a urine sample for a routine analysis. (*Id.,* ¶ 16). A VA lab tech indicated that the custodian had just mopped the nearby restroom and suggested that Plaintiff use an alternative restroom. (*Id.*). The custodian interjected that the floor in the nearby restroom was in fact dry and ready to use. (*Id.* ¶ 17). Plaintiff used the nearby restroom, and after washing her hands, her crutch

slipped and she fell. (*Id.* ¶ 21). Once on the floor, Plaintiff noticed there were water streaks on the floor allegedly from the mop. (*Id.* ¶ 22).

As required by 28 U.S.C. § 2671, as a prerequisite to filing suit in federal court under the Federal Tort Claims Act ("FTCA"), Plaintiff filed an administrative claim on March 17, 2017, which was denied by the VA on August 31, 2017. Thereafter, Plaintiff filed the instant lawsuit pursuant to the FTCA, 28 U.S.C.A. §§ 1346(b); 2671, et seq. (*Id.*, ¶ 5). Plaintiff alleged that the employees of the Government were acting within the scope of their employment with the VA. Thus, the Government is liable under the doctrine of *respondeat superior* under federal and Louisiana law and liable for failure to supervise and train all employees, contractors, and volunteers. (Rec. Doc. 24, ¶ 30).

On October 24, 2018, the Court granted Defendant's Motion to Dismiss (Rec. Doc. 14). The Court found that Lionel Campbell was the custodian who informed Plaintiff the restroom was ready for use. As a participant in the Compensated Work Therapy ("CWT") program, the Court held that the waiver of sovereign immunity pursuant to the Federal Tort Claims Act did not apply because Campbell was not an "employee of the government." (Rec. Doc. 26). The Plaintiff files the instant motion to reconsider the case pursuant to Rule 59 of the Federal Rules of Civil Procedure.

**II.     Legal Standard**

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration. *Bass v. United States Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). Nevertheless, the Fifth Circuit has treated a motion for reconsideration as a motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure when filed twenty-eight days after entry of the judgment from which relief is being sought. *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998); see also Fed. R. Civ. P. 59(e). A Rule 59(e) motion may be granted on four grounds: "(1) to correct manifest errors of law or fact upon which judgment is based, (2) the availability of new evidence, (3) the need to prevent manifest injustice, or (4) an intervening change in controlling law." *Lines v. Fairfield Ins. Co.*, No. 08–1045, 2010 WL 4338636, at *1 (E.D. La. Oct. 21, 2010) (citing

*Peterson v. Cigna Group Ins.*, No. 99–2112, 2002 WL 1268404, at *2 (E.D. La. June 5, 2002)). "The Court enjoys considerable discretion in granting or denying such a motion." *Gabarick v. Laurin Mar. (America) Inc.*, No. 08–4007, 2010 WL 5437391, at *5 (E.D. La. Dec. 23, 2010) (citing *Boyd's Bit Serv., Inc. v. Specialty Rental Tool & Supply, Inc.*, 332 F.Supp.2d 938, 939 (W.D. La 2004)). The Fifth Circuit has held that a Rule 59(e) motion is not the proper vehicle for "rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.,* 367 F.3d 473, 479 (5th Cir. April 2004).

**III.    Law and Analysis**

Plaintiff brings the instant motion to correct manifest errors of law and fact upon which the judgment (Rec. Doc. 26) is based and to prevent manifest injustice. (Rec. Doc. 27, p. 1). Plaintiff contends that this Court failed to address the issue of the "discretionary function exceptions" to the FTCA and failed to recognize that Plaintiff has openly and expressly alleged that the Government was negligent in the supervision of Campbell. (*Id.* at 2). Plaintiff asserts that the Government failed to address the negligent supervision claims. (*Id*. at 4). Specifically, Plaintiff asserts that (1) negligent supervision claims are cognizable under the FTCA, (2) the Court failed to consider the pleadings in the absence of evidence regarding the negligent supervision, and (3) the Government failed to meet its burden of establishing the discretionary function exception applies to this case. The Government responds that it specifically addressed the negligent supervision claim by arguing that the discretionary function exception applied to individuals such as Campbell. (Rec. Doc. 28, p. 2). The Government asserts that Plaintiff did not offer an opposition addressing these arguments, and Rule 59 motions may not raise new arguments. (*Id*. at 3).

In the motion to dismiss, the Government did present arguments regarding Plaintiff's allegations of negligent failure to train and supervise. (Rec. Doc. 14, p. 8). The Government asserted, "allegations of alleged negligent failure to train are routinely barred by the discretionary function exception." (*Id.*). Plaintiff responded by asserting that the VA establishing the program was

discretionary in nature and that Plaintiff is not complaining that her injury is the result of the VA establishing the CWT program. (Rec. Doc. 15, p. 9). In its reply, the Government stated that Plaintiff offered no opposition to the argument that her claims for negligent training and negligent supervision must be dismissed under the discretionary function exception of the FTCA. (Rec. Doc. 18, p. 2).

Plaintiff's opposition identified numerous arguments regarding how the Government should be vicariously liable for the CWT worker as an employee but provided no arguments on the issue of negligent training and supervision. Plaintiff did submit the "Standard Operating Procedures" for mopping in the clinic and identified Arlen Duplessis as the VA employee housekeeping supervisor; however, these arguments were presented to establish a right of control under the claim of vicarious liability for Campbell, not negligent training and supervision. Plaintiff did not present any argument regarding any employee of the VA who acted negligently in their training and supervision of Campbell. Plaintiff also did not address in her opposition how her claims for negligent supervision were outside the scope of the discretionary function exception. The Court finds that a motion for reconsideration is not the proper vehicle to present new arguments.

Nevertheless, though the Court sympathizes with Plaintiff, the Court unfortunately finds that Plaintiff's claims of the negligent supervision and training of Campbell are meritless. Plaintiff relies on *Bodin v, Vagshenian*, 462 F.3d 481, 489 (5th Cir. 2006) to assert that the United States can be held liable under the FTCA independent of an employment relationship with the tortfeasor. (Rec. Doc. 27, p. 5). Specifically, Plaintiff asserts that the FTCA waives sovereign immunity in situations where the Government owes an independent duty to the plaintiff. (*Id*.). The duty that Plaintiff asserts is a failure to supervise and train. (*Id*. at 6).

In *Bodin* the Fifth Circuit held that the Government could be held liable whether the plaintiffs were sexually assaulted by its employee or a third-party tortfeasor. 462 F.3d 481, 489 (5th Cir. 2006). Under Texas Law, the fact that a provider of psychological services had a heightened duty of care to protect patients was essential to the court's decision in this case. The court notably distinguished that

claims of negligent supervision of federal employees are barred, absent any allegations of independent, antecedent duties unrelated to the employment relationship. *Id*. The court maintained that pursuant to the Supreme Court decision in *United States v. Shearer,* 473 U.S. 52, 105 S.Ct. 3039, 87 L.Ed.2d 38 (1985), the FTCA does not waive sovereign immunity for negligent supervision claims. *Id*. at 488.

Plaintiff next states that the Government failed to establish that it is entitled to the protections of the discretionary function exception. (Rec. Doc. 27, p. 9). Plaintiff relies on Fifth Circuit precedent which provides that a plaintiff must "allege a claim sufficient to survive a motion to dismiss based on the 'discretionary function' exception." (*Id.*). Plaintiff concludes that the negligent supervision claims fall squarely outside the ambit of the discretionary function exception to the FTCA and, the Government failed to raise a factual challenge to these claims. (*Id*. at 10).

The discretionary function exception of the FTCA provides:

> The provisions of this chapter and section 1346(b) of this title shall not apply to—
> (a) Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a). The Fifth Circuit has established that negligent supervision of non-Government employees is inherently a discretionary function. *Power Resource Group v. Public Utility Com/n of Tx,* 422 F.3d 221, 231 (5th Cir. 2005). A decision to hire a contractor is a policy-based discretionary decision including the degree of oversight over the individual. (*Id.*). Here, the VA's choice to hire a CWT worker such as Campbell was an exercise of a discretion as the VA "may use the services of patients and members in the Department health care facilities for therapeutic and rehabilitative purpose." 38 U.SC. § 1718(a). As such, the FTCA provides an exception for acts or omissions of Government employees, such as the supervision and training of Campbell, in carrying out the

discretionary function of using and training an individual such as Campbell. The Court finds that the FTCA exception applies to dismiss Plaintiff's claims for negligent supervision and training.

## IV. Conclusion

Accordingly;

**IT IS ORDERED** that Plaintiff's **Rule 59 Motion for Rehearing, New Trial, and/or Reconsideration (Rec. Doc. 27)** is **DENIED**.

February 20, 2019

```
_____
        JAY C. ZAINEY
   UNITED STATES DISTRICT JUDGE
```